UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 11-191-GWU

STEVIE DALE BOOTH,                                                              PLAINTIFF,

VS.                **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                                DEFENDANT.

    The plaintiff has filed three related motions in the above-styled case, which was remanded on the defendant's motion under Sentence Four of 42 U.S.C. 405(g), the plaintiff having consented. Docket Entries #9, 10. The plaintiff now moves as follows: (1) to reopen the Sentence Four remand and amend it to a Sentence Six remand; (2) to redocket and affirm the administrative decision dated February 16, 2012 awarding him benefits; and (3) to approve his petition for an attorney fee under the Equal Access to Justice Act (EAJA).

    The plaintiff's first motion will be denied. The Commissioner specifically requested a Sentence Four remand and noted that he had been authorized by counsel for the plaintiff to advise the court that the plaintiff consented to the motion. The court, nevertheless, kept the case open for 21 days pursuant to Local Rule

1

11-191  Stevie Dale Booth

7.1(c) in order to give the plaintiff a full opportunity to object.  No response was made.  Therefore, any objection to the Sentence Four remand was conclusively waived.

Moreover, a Sentence Six remand would be inapposite for the present case. A Sentence Four remand is proper when the court is ruling on the correctness of the Commissioner's final decision, and issues a final judgment reversing it. <u>Faucher v. Secretary of Health and Human Services</u>, 17 F.3d 171, 174 (6th Cir. 1994).  A Sentence Six remand may be granted "on motion of the Commissioner made for good cause shown before he files his answer . . . for further action by the Commissioner, and [the court] may at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause shown for failing to incorporate such evidence into the record in a prior proceeding . . . ." 42 U.S.C. § 405(g).  Neither of the two circumstances appropriate for a Sentence Six remand are present here.

The other two motions will be passed for a period of thirty (30) days in order to allow the defendant to file a response.

Accordingly,

IT IS HEREBY ORDERED that:

(1)  the plaintiff's motion to amend the court's order of August 30, 2011 (Docket Entry #10) is DENIED; and

11-191  Stevie Dale Booth

(2) the plaintiff's motions to redocket the case and affirm the administrative decision dated February 16, 2012 and to approve his fee petition are PASSED for a period of thirty (30) days in order for the defendant to file a response.

This the 4th day of May, 2012.

Signed By:
*G. Wix Unthank*
United States Senior Judge