UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-191-JBC

STEVIE DALE BOOTH,                                                      PLAINTIFF,

V.                    MEMORANDUM OPINION AND ORDER

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                          DEFENDANT.

* * * * * * * * * * * *

This case is before the court on three related motions. The first is brought under Fed. R. Civ. Proc. 59 to alter or amend the court's order of May 4, 2012, which denied a motion to reopen the court's order of August 31, 2011.  R.14. The second is to redocket the case and affirm a favorable decision by the Appeals Council dated February 16, 2012. R.12. The third is for approval of a petition for attorney's fees under the Equal Access to Justice Act ("EAJA"). R.12. For the reasons below, all three motions will be denied.

I. Background

Booth filed his complaint on June 9, 2011.  The Commissioner filed his answer on August 17, 2011, and the next day moved to remand the case under Sentence Four of 42 U.S.C. § 405(g).  The motion stated that Booth's counsel consented to the motion and that "[t]he parties are in agreement that the instant case should be remanded, pursuant to Sentence Four of 42 U.S.C. § 405(g)." R. 9.  The court granted the motion and remanded the case on August 31, 2011.

1

On May 2, 2012, Booth moved to reopen and/or amend the August 30th order and judgment, contending that it should have been entered under Sentence Six of § 405(g), not Sentence Four. He attached a notice from the Appeals Council dated February 16, 2012, finding that Booth had been under a disability since December 30, 2008, but not before. R. 12-2, at 7. This finding was consistent with the Commissioner's undertaking in his initial motion of August 18, 2011. R. 9, at 2.

On May 4, 2012, Senior Judge G. Wix Unthank denied the motion to reopen the Sentence Four remand and to amend it to a Sentence Six remand. He gave the Commissioner thirty days to respond to the remaining two motions. R. 13. The Commissioner has now responded to Booth's original motions, as well as to Booth's subsequent "motion for Rule 59 relief" from Judge Unthank's May 4th order.

## II. The Rule 59 Motion

The court will construe Booth's motion for "Rule 59 relief" as a motion to alter or amend the judgment entered May 4, 2012. In that order, Judge Unthank noted that the Commissioner had specifically requested a Sentence Four remand and that he had been authorized by counsel for Booth to advise the court that the plaintiff had consented to the motion. R. 9, 13. In addition, Judge Unthank held that a Sentence Six remand would have been inapposite, because § 405(g) provides that a Sentence Six remand may be granted "on motion of the Commissioner made for good cause shown before he files his answer . . . for

further action by the Commissioner, and [the court] may at any time order additional evidence to be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause shown for failing to incorporate such evidence into the record in a prior proceeding . . . ." R. 13.

Counsel for Booth now says that although he had not discussed the nature of the remand with the Commissioner, he did not object to the Sentence Four remand "largely because the Commissioner's Motion also mentions that in addition to the Remand there would be an expedited administrative proceeding at the Appeals Council level which would result in finding Mr. Booth disabled under the Act as of December 2008, which contemplated action beyond the federal remand." R. 14. However, the Commissioner's motion does not mention an expedited proceeding. R. 9. In any case, as the Commissioner points out, Booth's original motion to "reopen and/or amend" of May 2, 2012, was filed more than eight months after the court's order and judgment of August 31, 2011, remanding the case under Sentence Four. Fed. R. Civ. Proc. 59(e) provides only 28 days to file a motion to alter or amend. Thus, the May 2, 2011, motion was untimely.

Even considered on the merits, Booth's argument that the remand was more akin to a hybrid, Sentence Four/Sentence Six remand must fail. The case of *Jackson v. Chater*, 99 F.3d 1086 (11th Cir. 1996), cited by Booth, is inapposite. It was initially remanded both on Sentence Four and Sentence Six grounds, *Id.* at 1092, but the present case was explicitly remanded only under Sentence Four.

3

Moreover, the Commissioner persuasively argues that none of the indicia of a Sentence Six remand were present.  First, the answer and transcript had already been filed.  Second, there was no representation by the parties, or finding by the court, that new and material evidence existed and that there was good cause for failing to incorporate it in the prior proceeding.  *See Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148-49 (6th Cir. 1996).  The Appeals Council did not conduct any further proceedings, but merely issued a decision implementing the parties' stated intention to "issue a decision finding Plaintiff was under a disability beginning December 31, 2008, but not prior thereto."  R. 9, at 2; R. 12-2, at 4.  For all of these reasons, Booth's motion to alter or amend the court's order of May 4, 2012, is denied.

### III.  The Motion to Redocket and Affirm

Sentence Six of 42 U.S.C. § 405(g) provides that, following a court remand, and modifying or affirming the Commissioner's findings of fact or decision, or both, the Commissioner "shall file with the court any such additional and modified findings of fact and decision, and, in any case in which the Commissioner has not made a decision fully favorable to the individual, a transcript of the additional record and testimony upon which the Commissioner's action in modifying or affirming was based."  Thus, if a Sentence Six remand had been ordered, redocketing and affirming the Appeals Council's favorable decision would be appropriate.

As discussed above, the remand was not under Sentence Six, but Sentence Four. Under Sentence Four, the district court relinquishes jurisdiction except to the extent necessary to resolve the application for attorney's fees. *See*, *e.g.*, *Smith v. Halter*, 246 F.3d 1120 (8th Cir. 2001). Whereas in a Sentence Six remand the court "does not rule in any way as to the correctness of the administrative determination," *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991), the court definitely adjudged that the administrative decision was reversed and remanded under Sentence Four. R. 10, 11. Redocketing the case would be an idle gesture since no further action is necessary.

### IV. The Petition for EAJA Fees

Because the court issued a final order and judgment remanding the action on August 31, 2011, the motion for fees could have been filed no more than 90 days later, or by November 28, 2011. Fed. R. Civ. Proc. 4(a)(1)(B). Thus, the motion for EAJA fees is untimely. Therefore, it is not necessary to consider the petition on the merits.

### V. Conclusion

Accordingly, **IT IS ORDERED** that the motion to alter or amend (R.14), the motion to redocket the case and affirm the Commissioner's decision (R.12), and the motion for EAJA fees (R.12) are **DENIED**.

Signed on July 24, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY