UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 11-191-JBC

STEVIE DALE BOOTH,                                          PLAINTIFF,

V.              **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the court upon Stevie Booth's second motion to alter or amend the court's order of May 4, 2012. (R.18). The May 4, 2012, order denied a motion to reopen the court's order of August 31, 2011, which granted an unopposed motion by the Commissioner to remand the case under Sentence Four of 42 U.S.C. § 405(g). R.14. For the reasons stated below, the court will deny the motion.

The Commissioner's motion to remand clearly stated that "[t]he parties are in agreement that the case should be remanded, pursuant to Sentence Four of 42 U.S.C. § 405(g)." R. 19. Booth did not object until May 2, 2012, when he first moved to alter or amend the August 31, 2011, remand order under Fed. R. Civ. Proc. 59. R.12. As set out in the court's prior order, *see* R.17, p.3, Booth's motion was untimely, as it was filed more than eight months after the August 31,

1

2011, order and judgment. R. 12, p.3. Rule 59 motions must be made within 28 days of the date of entry of judgment. Fed. R. Civ. P. 59 (e).

As additional grounds for denying the initial Rule 59 motion, the court noted that Sentence Six of 42 U.S.C. § 405 (g) provides for a remand "on motion of the Commissioner made for good cause shown before he files his answer…for further action by the Commissioner . . . ." R.17, p.2-3. In the present case, the Commissioner requested the remand *after* he filed his answer. R. 7 & 9. Also, neither party indicated that new and material evidence existed or that there was good cause for failing to incorporate any such evidence in the prior proceeding. R.17, p.4; s*ee* 42 U.S.C. § 405 (g).

Booth now submits copies of emails between his counsel and Ashley Johnson, an alleged employee of the Social Security Administration ("SSA"), indicating that counsel and the SSA had agreed to remand his case with an award of benefits several days before the Commissioner filed his answer and requested remand. R. 18-1. Booth suggests that, in light of these emails, a Sentence Six remand or a "hybrid" Sentence Four/Sentence Six remand would have been proper. Whatever the merits of such an argument, it should have been presented to the court within the 28-day window provided by Rule 59. Accordingly,

**IT IS ORDERED** that Booth's second motion to alter or amend (R.18) is **DENIED**.

Signed on October 10, 2012

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY